IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LESIA M. JACKSON, | : |
| Plaintiff, | : |
| v. | : Case No. 1:11-CV-049 (WLS) |
| WORTH COUNTY 911, | : |
| Defendant. | : |

**ORDER**

Presently pending before the Court is Plaintiff's Motion for Leave to File Fourth Amended Complaint. (Docs. 79.) For the following reasons, Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 79) is **DENIED**.

**PROCEDURAL BACKGROUND**

The Court will not recount this case's tortured procedural history in detail. Suffice it to say, however, that this motion represents an attempt by Plaintiff to submit a *fifth* version of her complaint, despite being represented by counsel since her initial complaint, filed April 1, 2011. In her current motion to amend, Plaintiff requests that she essentially be allowed to reinsert her Title VII claims in her Third Amended Complaint. This request is now being made to avoid the defects present in Plaintiff's Third Amended Complaint that could ultimately lead to the dismissal of Plaintiff's Third Amended Complaint for failure to state a claim. The record of Plaintiff's various amendments to her Complaint reflects her current dilemma.

Plaintiff's initial complaint before the Court alleged retaliation and hostile work environment claims under Title VII and 42 U.S.C. § 1981. (Doc. 1.) On February 13,

2012, Plaintiff filed a First Amended Complaint that named Worth County 911 as the sole defendant and once again alleged retaliation and hostile work environment claims under Title VII and Section 1981. (Doc. 23.) On September 6, 2012, with leave of the Court, Plaintiff filed a Second Amended Complaint. (Doc. 56.) Again, Plaintiff's new amendment sought only to shore up her Title VII and Section 1981 retaliation and hostile work environment claims with additional facts. (*See generally id.*)

On September 25, 2012, Defendant moved to dismiss Plaintiff's Title VII retaliation and hostile work environment claims on the grounds that Plaintiff failed to exhaust her administrative remedies prior to filing suit. (Doc. 61.) Defendant argued that these claims are time barred and must be dismissed as a matter of law. (*Id.*)

In response to Defendant's Motion, on October 14, 2012, Plaintiff filed a Third Amended Complaint. (Doc. 65.) Significantly, this Third Amended Complaint removed Title VII as a basis for Plaintiff's retaliation and hostile work environment claims, and made clear that Plaintiff would only be pursuing her claims under Section 1981. (*See* Doc. 65.) Plaintiff also attempted to submit Worth County, Georgia, as a party defendant in place of Worth County 911.

On October 24, 2012, Defendant filed its Answer. (Doc. 70.) Therein, as an affirmative defense Defendant contended that "Plaintiff's claims under 42 U.S.C. § 1981 must be dismissed as a matter of law because they were not brought pursuant to 42 U.S.C. § 1983." (*Id.* at 4) (citing cases to support this proposition). Defendant also asserted, as an affirmative defense, that "Plaintiff's 42 U.S.C. § 1981 claims must be dismissed as a matter of law because that statute does not create an independent cause of action against counties or municipalities." (*Id.*) Finally, Defendant also asserted that "Plaintiff's claims under 42 U.S.C. § 1981 must be dismissed as a matter of law because

2

the Plaintiff has not pled that Worth County, Georgia had a custom or policy of racial discrimination, and there is no basis to impose liability on Worth County, Georgia for same." (*Id.*)

On December 4, 2012, Defendant moved for summary judgment on the grounds set forth in its affirmative defenses. (Doc. 76.) Instead of immediately responding to Defendant's Motion, on December 5, 2012, Plaintiff filed the instant Motion to File Fourth Amended Complaint. (Doc. 79.) In this motion, Plaintiff seeks to reinsert the Title VII claims that she purposely decided to proceed without when she filed her Third Amended Complaint.

On December 12, 2012, Plaintiff also responded in opposition to Defendant's summary judgment motion. (Doc. 83.) In her response, Plaintiff reiterated her belief that she should be allowed to reinsert her Title VII claims, arguing that this Court was never divested of Title VII jurisdiction. (*See generally id.*) Plaintiff also argued that leave should be "freely" given to amend because her Title VII and Section 1981 claims arise out of the same nucleus of operative facts. (*Id.*)

Currently before the Court is Plaintiff's Motion to File Fourth Amended Complaint (Doc. 79). The Court has reviewed Plaintiff's Motion. For the following reasons, Plaintiff's Motion is denied for failure to show "good cause" for the instant amendment.

## **DISCUSSION**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give … when justice so requires." Fed. R. Civ. P. 15(a)(2). Unless a substantial reason exists to deny the motion, such as undue prejudice or delay, movant's bad faith or dilatory

3

motive, repeated failure to cure deficiencies, or futility, the interests of justice require that leave to amend be granted.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Importantly, however, when a motion to amend is filed after a Court has entered its scheduling order, the movant is required to meet the "good cause" requirements under Rule 16(b) before the Court may consider whether the amendment is proper under Rule 15(a).  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2, 1419 (11th Cir. 1998); *Datastrip Int'l, Ltd. v. Intacta Techs., Inc.*, 253 F. Supp. 2d 1308, 1317 (N.D. Ga. 2003) ("Courts evaluating motions to amend under these circumstances must apply the good cause rubric of Rule 16 before considering whether amendments are proper under Rule 15 or 21.") (citing *Sosa*, 133 F.3d at 1419).  The "good cause" standard is an important tool for docket management, preclud[ing] modification [of a scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa*, 133 F.3d at 1418.  "If a party was not diligent, the (good cause) inquiry should end."  *Id.* (additional citations omitted).

Applying these standards, the Court finds that Plaintiff's current motion to amend is utterly devoid of any hint of "good cause."  Notably, Plaintiff has not even addressed Rule 16 in her brief, despite the fact that this amendment is being sought well after the Court's March 6, 2012 deadline to amend pleadings.  (*See generally* Doc. 79.) Rather, in defense of why she should be allowed to amend, Plaintiff argues that Defendant has never challenged the Court's subject matter jurisdiction to hear Plaintiff's Section 1981 claim.[1]  (*Id.* ¶ 10.)  Invoking only the standards under Rule 15, Plaintiff

---

[1] Plaintiff alleges that the arguments set forth in Defendant's Motion for Summary Judgment are premised on an argument that the Court lacks subject matter jurisdiction to hear Plaintiff's claims. (Doc. 79 ¶ 15.)  The Court disagrees. A review of Defendant's Motion for Summary Judgment reflects that Defendant is advancing the argument that Plaintiff's Third Amended Complaint, *as pleaded*, fails to state a claim for relief under 42 U.S.C. § 1981 due to 1) Plaintiff's failure to plead her claims pursuant to 42

4

argues that Defendant will not be unfairly prejudiced by the amendment, that the amendment will not be "futile" and that the amendment will not create undue delay. (*Id.* ¶¶ 12-14.)  Plaintiff also argues that because her initial complaint was timely filed under Title VII, she may reinsert her Title VII claims without violating Title VII's 90-day right to sue/administrative exhaustion requirement. (*Id.* ¶ 16.)

First, as to Defendant's alleged "trial tactic," Plaintiff has had counsel of record since the filing of her First Amended Complaint; technically, there is evidence to show that Plaintiff has had counsel since the filing of her initial complaint. If Plaintiff's most recent complaint is deficient for failure to properly invoke a Section 1981 claim against a local governmental entity via Section 1983, she has no one to blame but herself and her chosen counsel; she cannot blame her opponent for her litigation blunders. Failure to understand the legal underpinnings of one's claims is not a basis for showing good cause under Rule 16.

Second, the prejudice to Defendant is irrelevant at this point. As noted above, Rule 16(a) provides the proper analysis for initially assessing Plaintiff's current motion to amend, not Rule 15. Thus, the Court need not ignore the lack of effort to show good cause just because there is an absence of prejudice to Defendant. *E.E.O.C. v. Excel, Inc.*, 259 F.R.D. 652, 656 (N.D. Ga. 2009) ("[T]he Rule 16 inquiry does not turn on issues of prejudice.")  At this stage of the litigation, "[t]he issue is the integrity of the court's scheduling orders and pretrial deadlines, not the risk of harm to the opposing parties."

---

U.S.C. § 1983 and 2) Plaintiff's failure to allege conduct that would be actionable under Section 1983, even if it were properly pleaded. Thus, there is no basis for Plaintiff's argument that the Court should consider Defendant's Motion for Summary Judgment as a Rule 12(b)(2) motion for lack of subject matter jurisdiction.

5

*Id.* Similarly, Plaintiff's arguments regarding futility[2] and undue delay do not sway this Court's "failure to show good cause" finding. Finally, the Court need not even address whether Plaintiff's Title VII claims *may be properly* reinserted. It is the Court's conclusion that Plaintiff has failed to demonstrate good cause for even *allowing* them to be reinserted.

Stated quite simply, Plaintiff has done little more than shift the goalpost throughout this litigation. The Court has already once excused Plaintiff's failure to abide by the Scheduling/Discover Order's March 6, 2012 amendment-to-pleadings deadline. (*See* Doc. 56, granting Plaintiff's Motion for Leave to File Second Amended Complaint). This Court finds no need to do so again. Therefore, Plaintiff's Motion to File Fourth Amended Complaint (Doc. 79) is **DENIED**.

Accordingly, Plaintiff's Third Amended Complaint, *unamended*, is the operative Complaint in this matter. The Court will proceed with its review of Defendant's Motion for Summary Judgment (Doc. 76) and enter an appropriate order. The Court also **TERMINATES** all other pending motions (Docs. 36, 55, 59, 60, 61, and 80) without prejudice. Following the Court's ruling on Defendant's Motion for Summary Judgment (Doc. 76), should counsel for either party find that any of its motions need to be reasserted, the parties may do so at an appropriate time.[3] The Court enters this portion

---

[2] Even if the Court considered the "futility" of Plaintiff's amendment, the Court is not convinced that reinsertion of Plaintiff's Title VII claims would not be futile, even if permitted. When Defendant moved to dismiss Plaintiff's Title VII retaliation and hostile work environment claims (Doc. 61), Plaintiff filed her Third Amended Complaint *eliminating* Title VII as the basis for these claims (Doc. 65). Such a move seems to implicitly concede the legitimacy of Defendant's "failure to exhaust" arguments.

[3] The Court believes that many of these motions have been mooted by Plaintiff's numerous amendments to her complaint. As to motions that may still represent active controversies, e.g., Defendant's Motions for Sanctions (Docs. 36 and 55), the Court believes that the issues raised therein are more appropriately addressed once the Court has ruled on Defendant's Motion for Summary Judgment (Doc. 76). Also, Defendant and its counsel should remain mindful of the local rules' preference for consolidated motions, where appropriate. M.D. Ga. R. 7.1. Such a rule ensures efficient disposition of motions.

of the instant Order for the purposes of docket management, and it has no effect on other pending requests for relief on the merits.

**SO ORDERED**, this  28th  day of March, 2013.

/s/  W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**

of the instant Order for the purposes of docket management, and it has no effect on other pending requests for relief on the merits.

**SO ORDERED**, this  28th  day of March, 2013.

/s/  W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**